## DANIEL GOODRICH *vs.* SHERMAN WILLARD.

A notice of intention to foreclose a mortgage of personal property, given to secure a debt payable on demand, and containing a covenant for possession by the mortgagor until breach of condition, is equivalent to a demand of payment of the debt, and constitutes a breach of condition of the mortgage, and entitles the mortgagee to possession of the mortgaged property.

ACTION OF TORT for the conversion of a bull. Answer, denial of property of the plaintiff, and of the conversion.

At the trial in the court of common pleas, before *Bishop,* J. it appeared that Benjamin Goodrich, who then and until April 1853 occupied the defendant's farm under a lease from him, bought this bull of the defendant in the summer of 1851, and

in December 1851 gave the defendant a chattel mortgage of him, to secure certain notes payable on demand, which mortgage contained a covenant for possession by the mortgagor or his assigns until breach of condition, and was duly recorded; and in June 1852 sold the bull to the plaintiff, who took him home, and kept him till July 1853, when the defendant took him, together with all the other property described in the mortgage, and drove him away.

There was also evidence that the mortgagee, in April 1853, gave the mortgagor notice of his intention to foreclose the mortgage; but it did not appear that this notice was recorded. The defendant asked the judge to rule that such notice would of itself be a sufficient demand of payment of the note to enable the defendant rightfully to take possession of the mortgaged property. But the judge declined so to rule, and ruled that a previous demand was necessary before the mortgagee could rightfully give notice of his intention to foreclose; and that giving notice of his intention to foreclose, if the jury believed he had done so, was only evidence from which the jury might infer a previous demand. The verdict was for the plaintiff; and the defendant alleged exceptions.

*B. F. Butler*, for the defendant, to the point, that if a demand was necessary, the notice of foreclosure was a sufficient demand, cited *Brackett* v. *Bullard*, 12 Met. 308.

*C. R. Train*, for the plaintiff. There had been no breach of the condition of the mortgage, so that the mortgagor and his assigns were still entitled, by its terms, to remain in possession. The mortgagee was not entitled to possession, because he had not given written notice of his intention to foreclose, and had such notice recorded in the town clerk's office, as required by *St.* 1843, *c.* 72, § 1.

BIGELOW, J. The debt secured by the mortgage to the defendant being payable on demand, a notice in writing by the mortgagee to the debtor of his intention to foreclose the mortgage was equivalent to a demand of the amount due on the notes, and constituted a breach of the condition of the mortgage. The fact, that the notice to foreclose, not being recorded,

was insufficient to vest the absolute title to the property in the mortgagee, is immaterial. It was nevertheless equivalent to a demand of the amount due on the note secured by the mortgage, and so defeated the mortgagor's right, under the covenant in the mortgage, to the possession of the property until breach of condition. The legal title to the property being in the defendant as mortgagee, and the right of the mortgagor to possession, under the special covenant therefor contained in the mortgage, being terminated by a breach of the condition, both the property and the right to its immediate possession become vested in the defendant as mortgagee. The plaintiff, as he claims under the mortgagor, and has no higher or better title than that acquired from him, cannot maintain an action of tort in the nature of trover against the defendant, because he has neither the right of property nor of possession. *Exceptions sustained.*