(Hamilton County Court of Common Pleas.)

HARRISON & FOX, RECEIVERS OF THE FRIEND & FOX PAPER CO. *v.*
ANNA O. FRIEND.

A person holding stock as a pledge for the payment of a claim, may sell the stock, as against a receiver of the assets of the pledgor, on notice being given of intent to sell; it being admitted that a portion of the claim is owing, but the amount being in dispute.

(Decided December, 1893.)

---

Heard on demurrer to petition.

SAYLER, J.

The plaintiffs aver that they are the receivers appointed by this court, of the assets of the Friend & Fox Paper Co., appointed in a proceeding, wherein the said corporation was dissolved pursuant to the statutes of Ohio, to dispose of the entire property of the corporation for the benefit of whom it may concern; that the defendant is a creditor of said company, holding a note, dated May 26, 1893, for $3,291.96, payable on demand; that said company, at the time of the execution of said note, delivered to the defendant the certificates for certain shares of stock, to be held by her, as is claimed by the defendant, as collateral security for said promissory note; that defendant has placed said shares of stock in the hands of certain brokers in Cincinnati for sale; that said firm of brokers has notified plaintiffs that said stock will be sold at public auction on the twenty-eighth day of No-

vember, 1893. The plaintiffs further say that such sale is wholly without authority of law; that the defendant has made no demand on them for the payment of said note, and that the amount claimed to be due by defendant on said note, viz., the amount of said note with interest from its date, and for which he proposes to sell said stock as aforesaid, is not the correct amount due on said note; that there has been paid by said company to and for, and on account of, said defendant the sum of $613.60, which, with interest from date of payment, is a payment on account of said note; that the defendant has no right to sell said stock at public auction; that to do so would sacrifice the same, there being no market for such stocks, and that the attempt to sell would work irreparable injury to the estate in the hands of the plaintiffs; that the defendant has not brought any suit to ascertain and determine the amount due on said note, and to secure from the court such order as she may be entitled to touching said security, and for the sale of the same; that the defendant, without making any demand of the plaintiffs, is proceeding to make public sale of such stock, claiming the amount due, and for which she is selling said stock to be the face of said note with interest. The plaintiff prays that the defendant may be enjoined from proceeding to sell said stock; that the amount due upon said note may be ascertained and determined by the court, and that such order may be made by the court touching the said stock as the parties interested therein may be equitably entitled to.

To this petition the defendant has filed a demurrer.

It seems to be well settled that when shares of stock are pledged as collateral security for a debt, and the debt is not paid, and the pledgee wishes to apply the stock to the payment of the debt, he may file a bill in equity for the foreclosure and sale of the pledge, or he may give notice to the pledgor of an intent to sell the stock, and may so sell it without judicial proceeding, and apply the proceeds to the payment of the debt. No express power to sell need be contained in the memorandum of pledge in order to authorize the latter remedy. It exists by force of law. Cook on Stock and Stockholders, section 476, (and authorities cited); Story on Bailments, section 310.

The court, in 46 N. Y. 334, says: "The distinction between a lien and a pledge is said to be, that a mere lien can not be enforced by sale by the act of the party, but that a pledge is a lien with a power of sale superadded. * * Now, for what purpose was the apparent ownership and power of disposition of the stock vested in the brokers? Surely for the purpose of enabling them, effectually and summarily, to execute this power under certain conditions."

It is claimed, however, that the defendant has not made demand of payment of the plaintiffs, and therefore she can not proceed to sell the stock. It appears from the petition that the defendant gave notice to the plaintiffs of her intention to sell the stock to pay the note for which it was pledged.

In 58 Ala. 210, the court say that a pledgee has no right to sell hypothecated shares of stock without first demanding payment of the debt from the pledgor, or giving him notice of the intention to sell; and in 68 Mass. 203, the court holds that a notice of intention to foreclose a mortgage of personal property, given to secure a debt, payable on demand, and containing a covenant of possession by the mortgagor until breach of condition, is equivalent to a demand of payment of the debt, etc.

Cook on Stock and Stockholders, section 477, citing these two cases, says: "A notice of intent to sell (hypothecated stock), however, is equivalent to a demand of payment."

It is further claimed by the plaintiffs that, as there is a controversy as to the amount owing on the note, and as all of the assets of the company are in the hands of the plaintiffs as officers of the court, the court will not

allow the sale of this property until the amount owing on the note is determined.

I think this involves two questions: Can a pledgee sell as against a receiver? If so, can he sell as against a receiver when there is a dispute as to the amount?

As to the first point, in 94 U. S. 739, the court say: "The position that the pledgees could not sell the pledge after the adjudication in bankruptcy, is quite untenable. It is sustained by nothing in the bankrupt act. The bonds were negotiable instruments; they passed by delivery, and even were there no expressed stipulation in the contract of pledge, that the pledgee might sell on default of the pledgor, such right is presumable from the nature of the transaction. Certainly, the bankrupt act has taken away no right from a pledgee secured to him by his contract."

In the old case of *Wilson* v. *Tooker*, 5 Brown's Cases in Parliament, 193, the pledgor died, and the notice and demand were made on the administrator, and the securities sold. The court reviewing the court below, held the sale valid.

I think it clear, from these authorities, that the mere fact that receivers were appointed for the assets of the company, takes away no right from the pledgee under his contract.

As to the next point; if the pledgee may sell for the payment of the face of the note when that amount is due and owing, he may sell for any less amount that is due and owing in the event payments have been made on account.

If there is a controversy as to the amount due and owing, but if it is conceded that at all events a portion of the debt is due and owing, and the pledgor wishes to save the stocks from sale under the contract implied by the pledge, he should, at all events, tender the amount he admits to be due and owing.

It can not be claimed that simply because an excess will come into the hands of the pledgee by the sale of the pledge, that the pledgee will be precluded from his right to sell. That risk was taken by the pledgor when he made the pledge. If the pledge sells for more than the amount of the debt, the pledgee holds the excess in trust for the pledgor. 94 U. S. 740. The receivers in the case at bar stand in no better position than the company, the pledgor; as in 94 U. S. 740, the assignee in bankruptcy stood in no better position than the pledgor."

"The pledgee in selling, is bound to protect the interests of the pledgor, and, as to the surplus, represents the pledgor exclusively." 46 N. Y. 334.

If the defendant receives an excess, she must account to the receivers for the same.

I do not think the court can interfere by injunction, to restrain the pledgee from selling, on the ground that to do so would sacrifice the same, there being no market at the present time for such stocks.

The power given the pledgee is to sell upon notice, etc., if the note is not paid. This can not be revoked or modified on the ground that there is no market. The pledgor took this risk when he made the pledge, and the receivers stand in no better position.

Demurrer sustained.

*Philip Roettinger*, for demurrer.

*Thos. McDougall*, for the receivers.